IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE VILLANUEVA,

    Plaintiff,                       No. CIV S-06-2706 LKK EFB P

    vs.

STATE OF CALIFORNIA, et al.,        FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

    Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. His complaint, filed November 29, 1996, alleges inadequate medical care. Also on November 29, 2006, plaintiff filed a motion for a temporary restraining order and a preliminary injunction.

    A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a

balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff appears to seek an order directing all defendants to "provide reasonable medical treatment." Motion at Unnumbered Page 5. While he refers to dental problems, a thigh deformity, knee abnormalities and a vision impairment, he does not state with specificity what treatment he has been denied and what treatment he wants the court to order. *Id.* at 3, 4. Furthermore, the court has reviewed his complaint on the initial screening, *see* 28 U.S.C. § 1915A , and found that it fails to state a claim upon which relief could be granted. Accordingly, plaintiff has not demonstrated either a likelihood of success on the merits of that serious questions have been raised.

Accordingly, it is hereby RECOMMENDED that plaintiff's November 29, 2006, motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

1 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
2 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated:   March 7, 2007.

          /s/ Edmund F. Brennan
          EDMUND F. BRENNAN
          UNITED STATES MAGISTRATE JUDGE