IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE VILLANUEVA,

    Plaintiff,                    No. CIV S-06-2706 LKK EFB P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.          ORDER

                              /

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983; 42 U.S.C. §§ 12131 - 12164. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        On March 8, 2007, the court found that the initial complaint failed to state any claim for relief, informed plaintiff of the complaint's deficiencies and the requirements of an amended complaint, and dismissed the complaint with leave to amend. On November 28, 2007, plaintiff filed a first-amended complaint.

        The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief. Plaintiff has failed to cure the defects this court found fatal to the initial complaint. In the March 8, 2007, order, the court found that the 134-page complaint made no specific allegations against any particular defendant

1

and included a prolix and unfocused discussion of medical records that failed to explain how the records supported any cause of action. The order also admonished plaintiff that the amended complaint must consist of a short and plain statement of the facts entitling him to relief, *see* Fed. R. Civ. P. 8, and that the court should not have to wade through more than 100 pages of attachments in order to discern who is being sued for what.

The March 8, 2007, order also noted that given the volume of medical records plaintiff attached to the initial complaint, it appeared that plaintiff sought to challenge the adequacy of medical care he had received. In the amended complaint, plaintiff alleges that he has not had adequate follow-up care following knee surgery. Even though the court explained in the March 8 order what is required to state a claim for constitutionally inadequate medical care, plaintiff has not in the amended complaint alleged sufficient facts for the court to find that a particular defendant has engaged in acts or omissions which evidence deliberate indifference to plaintiff's condition following knee surgery. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The court notes that in the amended complaint, plaintiff attempts to assert that he has been the subject of retaliation and racial discrimination. He alleges that "in retaliation for filing this instant case was to torture me with no post-op care!!" Am. Compl., at 2. He alleges that he has spoken generally with defendants Basi and Win and has not received physical therapy. *Id*. He also asserts that his rights under Title II of the Americans with Disabilities Act have been violated. Thus, the court informs plaintiff of what is necessary to state claims under these theories and grants plaintiff one more opportunity to file an amended complaint that states a claim for relief.

As explained in the March 8, 2007, order, section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

2

acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, to state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005);  *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).  To state a claim for the violation of equal protection, a plaintiff must allege defendant intentionally discriminated against him based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (1998).  Discrimination based on characteristics other than race, alienage, national origin and sex must be rationally related to a legitimate state interest.  *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 440 (1985).  Plaintiff's allegations are insufficient under any of these theories to find that plaintiff states a claim against any particular defendant.

The court now turns to plaintiff's allegation that his rights under the ADA have been violated.  He alleges that the violations he alleges elsewhere in the complaint constitute discrimination based on his "disabled lower extremities."  Am. Compl., at 6.  To state a claim, plaintiff must allege:  (1) he is disabled; (2) he is eligible, with or without accommodation, to receive or participate in a public entity's services, programs or activities; (3) the entity excluded him from participation in or denied him the benefits of its services, programs or activities, or otherwise discriminated against him; and (4) the exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Thus, to proceed, plaintiff must file a second amended complaint.  Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However,

the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

Accordingly, it hereby is ORDERED that:

1. The November 28, 2007, first amended complaint is dismissed with leave to amend; and

2. Plaintiff has 30 days from the date this order is served to file a second amended complaint. Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim upon which relief can be granted.

Dated: February 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5