IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE VILLANUEVA,

     Plaintiff,                      No. CIV S-06-2706 LKK EFB P

     vs.

STATE OF CALIFORNIA, et al.,

     Defendants.                ORDER

_____/

     Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On February 13, 2008, the court dismissed plaintiff's first amended complaint with leave to amend. On March 17, 2008, plaintiff filed a second amended complaint.

     The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims that defendants Basi and Tran were deliberately indifferent to plaintiff's serious medical needs, i.e., the need for follow-up care after surgery and back pain resulting from a lack of such care. *See* 28 U.S.C. § 1915A.

     For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants Sisto, Singh, Rodriguez, Sequira, Peck, Bender, Chirilla, Ferguson, Cummins, Major, McLain, Orrick Durfey, Good, Broom, Jayo, Croell, Kromann,

////

1

1  Aguilera, Vasquez, Traquina, Rallos, Noriega, Grannis, Emigh, Cervantes, Corrioso, Freese,
2  Hixon, Holiday and Brown.

3        Plaintiff may proceed forthwith to serve defendants Basi and Tran and pursue his claims
4  against only those defendants or he may delay serving any defendant and attempt again to state a
5  cognizable claim against defendants Sisto, Singh, Rodriguez, Sequira, Peck, Bender, Chirilla,
6  Ferguson, Cummins, Major, McLain, Orrick Durfey, Good, Broom, Jayo, Croell, Kromann,
7  Aguilera, Vasquez, Traquina, Rallos, Noriega, Grannis, Emigh, Cervantes, Corrioso, Freese,
8  Hixon, Holiday or Brown.

9        The complaint makes no specific allegations against defendants Singh, Rodriguez,
10 Sequira, Peck, Bender, Chirilla, Ferguson, Cummins, Major, McLain, Orrick, Durfey, Good,
11 Broom, Jayo, Croell, Kromann, Aguilera, Vasquez, Grannis, Emigh, Cervantes, Corrioso,
12 Freese, Hixon, Holiday or Brown.  The only mention of these defendants is to identify them and,
13 with some of them, to mention the legal theory under which plaintiff wishes to proceed.  Sec.
14 Am. Comp., at 8-9.  Without any factual allegations whatsoever, the court cannot determine
15 whether plaintiff is entitled to proceed under the legal theories he mentions, much less a theory
16 he fails to mention.  Thus, the complaint fails to state a claim against these defendants.
17 However, most of these defendants appear to be medical personnel or somehow involved in the
18 administrative grievance process.  It is appropriate, therefore, for the court to outline some
19 general standards for possible theories of relief.

20       Section 1983 of Title 42 of the United States Code creates a cause of action against
21 persons who deprive any individual of a right secured to him by the Constitution or laws of the
22 United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).
23 To state a claim defendants provided constitutionally inadequate medical care, plaintiff must
24 allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's
25 serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511
26 U.S. 825, 837 (1994).  Neither defendants' negligence nor plaintiff's general disagreement with

2

the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, plaintiff must allege a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). "There is no legitimate claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988). To state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).

Plaintiff claims that Traquina, Rallos and Noriega are subject to liability because they failed adequately to train, supervise and discipline defendants Basi and Tran. A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). Plaintiff's allegations are insufficient to proceed against these defendants.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Sisto, Singh, Rodriguez, Sequira, Peck, Bender, Chirilla, Ferguson, Cummins, Major, McLain, Orrick Durfey, Good, Broom, Jayo, Croell, Kromann, Aguilera, Vasquez, Traquina,

3

Case 2:06-cv-02706-LKK-KJN   Document 39   Filed 07/10/08   Page 4 of 8

Rallos, Noriega, Grannis, Emigh, Cervantes, Corrioso, Freese, Hixon, Holiday and Brown, he has 30 days so to do. He is not obligated to amend his complaint. In previous orders, the court has outlined the elements of various claims, including retaliation, deliberate indifference to serious medical needs and a violation of Title II of the Americans with Disabilities Act. Repetition here is not necessary.

If plaintiff elects to proceed forthwith against defendants Basi and Tran, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Sisto, Singh, Rodriguez, Sequira, Peck, Bender, Chirilla, Ferguson, Cummins, Major, McLain, Orrick Durfey, Good, Broom, Jayo, Croell, Kromann, Aguilera, Vasquez, Traquina, Rallos, Noriega, Grannis, Emigh, Cervantes, Corrioso, Freese, Hixon, Holiday and Brown without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

As stated in previous orders in this action, the allegations in any amended complaint must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). The federal rules contemplate brevity. *See Galbraith v.*

4

*County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

5

By signing a third amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Basi and Tran.

Accordingly, the court hereby orders that:

1. Claims against defendants Sisto, Singh, Rodriguez, Sequira, Peck, Bender, Chirilla, Ferguson, Cummins, Major, McLain, Orrick Durfey, Good, Broom, Jayo, Croell, Kromann, Aguilera, Vasquez, Traquina, Rallos, Noriega, Grannis, Emigh, Cervantes, Corrioso, Freese, Hixon, Holiday and Brown are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Basi and Tran. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed March 17, 2008, two

USM-285 forms and instructions for service of process on defendants Basi and Tran. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the endorsed March 17, 2008, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Basi and Tran will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Sisto, Singh, Rodriguez, Sequira, Peck, Bender, Chirilla, Ferguson, Cummins, Major, McLain, Orrick Durfey, Good, Broom, Jayo, Croell, Kromann, Aguilera, Vasquez, Traquina, Rallos, Noriega, Grannis, Emigh, Cervantes, Corrioso, Freese, Hixon, Holiday and Brown without prejudice.

Dated: July 10, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE VILLANUEVA,

      Plaintiff,                No. CIV S-06-2706 LKK EFB P

      vs.

STATE OF CALIFORNIA,

      Defendants.           <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__      completed summons form

        __2__      completed forms USM-285

        __3__      copies of the __March 17, 2008__ Second Amended Complaint

Dated:

                                                  _____
                                                           Plaintiff