IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE VILLANUEVA,

       Plaintiff,                        No. CIV S-06-2706 LKK EFB P

    vs.

WARDEN D. K. SISTO, et al.,

       Defendants.                FINDINGS AND RECOMMENDATIONS

                                /

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the March 17, 2008, second amended complaint in which plaintiff claims that defendants Basi and Tran were deliberately indifferent to his serious medical needs, i.e., the need for follow-up care after knee surgery and back pain allegedly resulting from a lack of such care. Currently pending before the court are plaintiff's November 28, 2007, and May 14, 2008, motions for temporary restraining orders and a preliminary injunctions. For the reasons explained below, plaintiff is not entitled to the relief he seeks.

       A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose*

1

*Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court). The standards for issuing a temporary restraining order are the same as those for a preliminary injunction. *See* Fed. R. Civ. P. 65(b); *see also Hawai'i County Green Party v. Clinton*, 980 F.Supp. 1160, 1163 (D. Hawai'i 1997). The court addresses the need for an injunction herein and, accordingly, a temporary restraining order pending that ruling is unnecessary.

A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). Therefore, a court will not issue such an order unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The

threatened injury must be immediate.  *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is equitable in nature, there must be no adequate remedy at law.  *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

### A.  The November 28, 2007, Motion

In the November 28 motion, plaintiff seeks an order directing that he be scheduled for surgery on his right knee, physical therapy and other treatments for his left thigh, and unspecified treatment for a vision impairment, which he does not describe in any detail.  In support of the motion he states that he currently takes Tylenol #3 and Ultram twice daily for pain.  He faults defendant Dr. Basi for refusing to decrease the dosage and to increase the frequency with which he takes the medications.  Mot. for Inj. Relief, filed Nov. 28, 2007, at 1.  He alleges that he is in physical therapy for nerve impingement in his back, but he experiences numbness and pain if he sits or stands too long in one position.  He alleges that in February of 2008, defendants Basi and Tran ordered a colonoscopy when he complained of back pain and that 250 prisoners are ahead of him on the waiting list to see specialists.  *Id.*, at 2.  Finally, he complains of substantial delays in obtaining from the pharmacy medications that the defendants have prescribed to him.  *Id.*, at 9-10.

In support of his request, plaintiff submits various documents, which are of little or no relevance to the specific injunction sought here.  An administrative grievance form shows that in January of 2008, he was dissatisfied with his medical care because he had not been sent for x-rays or an MRI of his lower back.  *Id.*, at 17.  Another grievance form shows that on February 28, 2008, defendant Basi determined that on physical exam and review of plaintiff's medical records, including x-rays, plaintiff required no further diagnostic testing of his lower back.  *Id.*, at 13. Dr. Basi did, however, refer plaintiff for physical therapy.  *Id.*  Plaintiff also submits a document in which he requested immediate medical attention for bloody stools.  *Id.*, at 19.

On the evidence plaintiff has submitted, it does not appear that any act or omission on the part of either Dr. Tran or Dr. Basi threatens plaintiff with imminent irreparable harm. It is not clear that defendants are in any way responsible for the delays allegedly occurring in the pharmacy. Furthermore, in addition to complaining of back pain, he complained of bloody stools. He does not allege that ordering a colonoscopy was an inadequate response to that complaint. While he may be dissatisfied with the dosage and frequency of his medications and with the refusal to order an MRI, he has failed to submit any evidence that these decisions medically were unsound, let alone a manifestation of deliberate indifference to his medical needs. Therefore, plaintiff fails to make the essential showing of a threat of irreparable harm.

Neither has he shown a probability of success on the merits of his complaint. While plaintiff clearly suffers from back pain, that alone does not show that he likely will prevail in this action. It must appear in his request that he has some likelihood of proving that the medical care defendants have provided was constitutionally inadequate. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (prison medical staff provide constitutionally inadequate medical care when they are deliberately indifferent to a prisoner's serious medical needs). The documents he submits simply do not support a claim of deliberate indifference. Rather, they show that he is in physical therapy for his back and takes pain medication. They also suggest that plaintiff has several medical conditions for which he is receiving care. He clearly alleges that he is dissatisfied with this care. However, it is important to note that plaintiff cannot succeed on the merits based on either defendants' negligence or his own general disagreement with the treatment he has received. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). The request fails to show he is likely to succeed on the merits. While the fact of having stated a claim in the complaint shows serious questions going to the merits, he has alleged injury that can only be described as speculative. Speculative injury does not justify finding an immediate threat of irreparable harm. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). In order for a

preliminary injunction to issue, there must be a presently existing threat of harm, although injury need not be certain to occur. *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997). Without evidence of a threatened injury that is more than speculative, there is no basis for a finding that the balance of hardships tips sharply in plaintiff's favor. Thus, plaintiff has failed to demonstrate that preliminary injunctive relief is warranted under the applicable standards. The November 28, 2007, motion must be denied.

### B. The May 14, 2008, Motion

In the May 14, 2008, motion, plaintiff requests an order directing that prison staff, including physicians and doctors, stop discriminating against him based on race and that he be provided surgery, physical therapy, ice, pain medications, and any other care that has been prescribed but not yet provided. In support of his request, he alleges the following: (1) Dr. T. Tran, Tesie, Rallos and Dr. Traquina refuse to treat him for rectal bleeding; (2) on May 6, 2008, Dr. Tran refused to hospitalize him for rectal bleeding; (3) on April 11, 2008, R.N. I Kroman refused to permit plaintiff to see a doctor; (4) K. Robinson, V. Freese and Rowlett, all guards, have been deliberately indifferent to his serious medical needs.

As a threshold matter plaintiff has asserted a claim against only two defendants, i.e., Dr. Basi and Dr. Tran. Thus, Tesie, Rallos, Dr. Traquina, R.N. I Kroman, K. Robinson, V. Freese and Rowlett are not parties to this action. Only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Plaintiff makes no showing the non-parties he identifies have acted in concert or participated with any defendants. In fact, plaintiff makes no particular allegations whatsoever against K. Robinson, V. Freese or Rowlett. Accordingly, plaintiff's motion against Tesie, Rallos, Dr. Traquina, R.N. I Kroman, K. Robinson, V. Freese and Rowlett must be denied.

With respect to Doctors Tran and Basi, plaintiff alleges that they are motivated by racial animus against those of Mexican heritage and by a desire to retaliate against plaintiff for his

5

having filed grievances. He asserts that a colonoscopy was recommended for his complaints of rectal bleeding. In the May 14 motion, he does not identify who recommended the procedure. However, in the November 28 request, he alleges that defendants Basi and Tran ordered a colonoscopy in February of 2008.[1] It is not clear whether he underwent the procedure and if not, the reasons for the delay. The attachments to his motion show that in March or April 2008, plaintiff was provided materials in order to give medical staff a stool sample for testing, but he never returned a sample for processing. Mot. for Prel. Inj., filed May 14, 2008, Attach., at unnumbered p. 14. However, he also seems to allege that his stool samples were positive. Mot., at 9. In this regard, he asserts that on April 11, 2008, he suffered the same symptoms as his cellmate, i.e., stool samples that were positive for blood, and his cellmate was hospitalized but he was not. Mot., at 1, 3, 9. Although he alleges that nearly a month later he had a fever, he does not allege any other symptoms that he experienced on the date he believes he should have been taken to the hospital. Neither does he allege any other symptoms that his cellmate experienced. In no way does he allege facts suggesting that he required immediate hospitalization. He alleges that he has not been diagnosed. But he does not submit any medical records evidencing the impressions of his doctors. Without any showing of his doctors' documented findings or impressions, or at least more particular allegations describing additional symptoms and the refusal or delay in further diagnostic testing, the court can only speculate about potential harm. As noted above, a showing of speculative injury is insufficient grounds for finding an actual threat of irreparable harm. *Caribbean Marine Servs. Co*, 844 F.2d at 674. The moving party must demonstrate a presently existing threat of harm, although injury need not be certain to occur. *Garner*, 125 F.3d at 1279-80. Plaintiff has not submitted evidence satisfying this standard.

////

---

[1] In that request, plaintiff asserts that the recommendation was in response to his complaints of back pain. *See* Request of 11/28 at 2.

6

Furthermore, plaintiff fails to demonstrate that he is likely to prevail on the merits of this action. As noted above, this action proceeds on claims related to allegedly inadequate follow-up care after knee surgery and the resulting medical complications. Plaintiff does not mention these claims in his May 14 motion. In fact, the allegations in the motion, i.e., that he has not been provided with diagnostic tests to determine the cause of long-term rectal bleeding, appear to be unrelated to the claims he has stated in the complaint. He therefore fails to demonstrate a possibility of success on the merits. The court has found that there are serious questions going to the merits of the claims stated in his complaint. However, as with the November 28 request, plaintiff has alleged only speculative injury in his request for preliminary injunctive relief. Again, this is not sufficient for a finding that the balance of hardships tips sharply in his favor. Plaintiff has failed to demonstrate that he is entitled to the relief he seeks under the applicable standards. Therefore, plaintiff's May 14, 2008, motion must be denied.

Accordingly, it is hereby recommended that plaintiff's November 28, 2007, and May 14, 2008, motions motion for a temporary restraining order and a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 10 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7