IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE VILLANUEVA,

    Plaintiff,

vs.

STATE OF CALIFORNIA, et al,

    Defendants.

No. CIV S-06-2706 LKK EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On July 10, 2008, the court found that plaintiff stated a claim against some defendants but not others, and gave plaintiff the option of either proceeding on the claims he stated or filing an amended complaint. Plaintiff has filed an amended complaint which is currently before the court for screening.

The court has reviewed plaintiff's third amended complaint and, for the limited purposes of § 1915A screening, finds that it states a claim that I. Kromann, Traquina, Rallos, Noriega and Basi were deliberately indifferent to plaintiff's serious medical needs and that defendant Tran was deliberately indifferent to plaintiff's serious medical needs and retaliated against plaintiff. *See* 28 U.S.C. § 1915A. However, for the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants Jayo or V. Freese. Neither does

it state a claim against any defendant for violating the Americans With Disabilities Act or for discriminating against him based on his nationality.

Plaintiff alleges that defendant Jayo "covered up" Kromann's failure to provide adequate medical care. Section 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim that defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither allegations of defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). Plaintiff claims that Kromann repeatedly denied care for plaintiff's symptoms and interfered with plaintiff's ability to obtain medical care by destroying plaintiff's written requests for treatment. Plaintiff does not, however, allege what Jayo did to "cover up" for Kromann, or even that Jayo knew of Kromann's alleged conduct. Plaintiff therefore fails to state a claim.

Plaintiff alleges that V. Freese searched plaintiff's cell in retaliation for plaintiff's having filed grievances. To state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Plaintiff does not allege whether or how V. Freese knew that plaintiff had filed grievances or when the search occurred. Neither does he allege that there was no legitimate penological reason for the search. He therefore fails to state a claim.

////

Plaintiff also failed to state a claim that defendants have discriminated against him because of his nationality. His only specific allegation is that Kromann discriminated against plaintiff because he is of Mexican descent and speaks Spanish. The Fourteenth Amendment's guarantee of equal protection is a command that states treat similarly situated persons alike. *City of Cleburne, Tex. v . Cleburne Living Center*, 473 U.S. 432, 439 (1985) (per curiam). To state a claim for the violation of equal protection, a plaintiff must allege defendant intentionally discriminated against him based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (1998). Plaintiff asserts that Kromann refused to accurately translate the needs of Spanish-speaking prisoners, including himself, thereby interfering with plaintiff's receipt of medical care. Plaintiff does not allege that he needed interpretive services or that Kromann spoke and understood Spanish well enough to provide such services. Neither does he allege that he singled out Spanish-speaking or Mexican prisoners for the allegedly discriminatory activity, i.e., denying and interfering with the provision of medical care. Therefore, plaintiff fails to state a claim.

Plaintiff also attempts to state a claim under the Americans With Disabilities Act (ADA). He seems to allege that defendants' denial of medical care amounted to discrimination under the ADA. To state a claim, plaintiff must allege: (1) he is disabled; (2) he is eligible, with or without accommodation, to receive or participate in a public entity's services, programs or activities; (3) the entity excluded him from participation in or denied him the benefits of its services, programs or activities, or otherwise discriminated against him; and (4) the exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). The Ninth Circuit Court of Appeals has held services and programs to cover "all of the operations of' a qualifying local government," *Bay Area Addiction Research and Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 731 (9th Cir. 1999)(zoning is an activity covered by Title II of the ADA), including parole and prison disciplinary hearings, *Armstrong v. Wilson*, 124 F.3d 1019, 1024 (9th Cir. 1997), and substantive

3

parole decisions, *Thompson*, 295 F.3d at 890.  Plaintiff does not allege he is disabled - rather he alleges that he has suffered injury from the denial of medical care.  Even if these injuries amount to a disability, plaintiff does not allege that the denial of medical care was on account of his having a disability.  The purpose of the ADA is to ensure that disabled individuals have access to programs and services available to able-bodied persons.  *See, Arc of Washington State Inc. v. Braddock*, 427 F.3d 615, 618 (9th Cir. 2005) (Title II contains an "integration requirement," i.e., ending the isolation and segregation of disabled persons from programs and services available to able-bodied persons).  Interference with or denial of medical care is not synonymous with an ADA violation.  Plaintiff fails to state a claim for relief.

The court has given plaintiff several opportunities to file amended complaints in order to cure defects in his claims.  Various orders have explained how to state claims for the denial of constitutionally adequate medical care, discrimination under the Equal Protection Clause of the Fourteenth Amendment, retaliation for the exercise of First Amendment rights and the violation of the ADA.  *See* Dckt. Nos. 17, 32, 39.  While he has cured some defects, as explained above he has not cured others.  This case has been pending since 2006, and the court finds that the time for amendment to cure these defects within the context of the preliminary review the court must perform pursuant to 28 U.S.C. § 1915A has ended.  Thus, the court will not entertain further amended complaints that are not filed in response to a properly filed motion by the defendants.

Accordingly, it is hereby ORDERED that the allegations in the pleading are sufficient at least to state claims that Basi, Kromann, Noriega, Rallos and Traquina, were deliberately indifferent to plaintiff's serious medical needs and that defendant Tran was deliberately indifferent to plaintiff's serious medical needs and retaliated against plaintiff.  *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the endorsed pleading filed August 21, 2008, six USM-285 forms and instructions for service of process on defendants Basi, Kromann, Noriega, Rallos, Traquina and Tran.  Within 30 days of service of this order plaintiff shall return the attached Notice of Submission of

Documents with the completed summons, the completed USM-285 forms, and seven copies of the endorsed August 21, 2008, third amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Basi, Kromann, Noriega, Rallos, Traquina and Tran will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

Further, it is RECOMMENDED that the following claims be dismissed, without further leave to amend, on the ground that plaintiff has not and cannot state a claim for relief:

1. Plaintiff's claims that defendants violated the ADA;

2. Plaintiff's claims that defendants violated the Equal Protection Clause of the Fourteenth Amendment; and

3. Plaintiff's claims against Jayo and Freese.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 14, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE VILLANUEVA,

    Plaintiff,

vs.

No. CIV S-06-2706 LKK EFB P

STATE OF CALIFORNIA, et al.,

    Defendants.

NOTICE OF SUBMISSION OF DOCUMENTS

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    __1__    completed summons form

    __6__    completed forms USM-285

    __7__    copies of the __August 21, 2008__
                                    Third Amended Complaint

Dated:

                                                Plaintiff