1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE GUADALUPE VILLANUEVA,

11            Plaintiff,                    No. CIV S-06-2706 LKK EFB P

12        vs.

13   STATE OF CALIFORNIA, et al.,

14            Defendants.                   DISCOVERY AND SCHEDULING ORDER

15   _____/

16        Pursuant to Federal Rules of Civil Procedure 1, 16(b) and 26-36, this action shall proceed

17   as follows:

18        The parties may conduct discovery pursuant to Federal Rules of Civil Procedure 26

19   through 37.  Defendants may depose any incarcerated or imprisoned witness, including plaintiff,

20   upon giving the notice required by Federal Rule of Civil Procedure Rule 30(b)(1) at least

21   fourteen days before such a deposition.

22        If the parties have any discovery disputes, they must comply with all pertinent rules

23   including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Local Rules 5-

24   134, 5-135, 6-136, 7-130, 7-131, 11-110, 43-142, and 78-230(m).  Unless otherwise ordered,

25   Local Rule 37-251 shall not apply.  Filing a discovery motion that does not comply with the

26   rules may result in imposition of sanctions, including but not limited to denial of the motion.

At trial, plaintiff must be prepared to introduce evidence to prove each of the alleged facts in support of his claims.  Trial evidence generally takes the form of: (a) exhibits; and (b) witness testimony.  The parties must file pretrial statements addressing the matters set out in Local Rule 16-281.  The court may strike the pretrial statement of a party who fails strictly to comply with this rule.

The following procedures apply for calling witnesses:

I.      Obtaining Attendance of an Incarcerated Witness Who Intends to Testify Voluntarily

A witness who is willing to testify without the compulsion of a subpoena, but who is imprisoned or incarcerated, cannot appear to testify without a court order directing the custodian to produce him at the time of trial.  The court will issue such an order only upon a showing that the witness has agreed to testify voluntarily and has actual knowledge of relevant facts.

Therefore, a party intending to introduce testimony from such a witness must file *with his pretrial statement* a motion for an order directing the witness's custodian to produce the witness for trial.  The motion must:

1.  Identify the witness by name, California Department of Corrections and Rehabilitation number, and address;

2.  Include affidavits showing that the witness intends to testify voluntarily.  This intention can be shown as follows:

A.  The *party* can swear by affidavit that the witness has communicated to him an intention to testify voluntarily.  The affidavit must include a statement of when and where the prospective witness informed the party of this willingness; or

B.  The *witness* can swear by affidavit that he is willing to testify without the compulsion of subpoena.

/////

2

3.  Include affidavits showing each witness has actual knowledge of relevant facts.

The witness's knowledge can be shown as follows:

 A.  The *party* can swear that he knows the witness saw or heard relevant facts.  For example, if something occurred in plaintiff's cell and plaintiff saw that a cell-mate was present and observed the incident, then plaintiff may swear to the cell-mate's ability to testify; or,

 B.  The *witness* can swear to the relevant facts he observed.

Any such affidavit must describe the incident, state when it occurred, where it occurred, who was present, and how the witness was in a position to see or to hear what occurred.

II. Obtaining Attendance of an Incarcerated Witness Who Refuses to Testify Voluntarily

If a party seeks to present testimony of an imprisoned or incarcerated witness who does not intend to testify voluntarily, the party must *with his pretrial statement* file a motion for an order directing that witness to appear.  Such a motion must comply with the requirements explained above but the movant must demonstrate that any such witness does not intend to testify voluntarily.

III. Obtaining Attendance of an Unincarcerated Witness Who Agrees to Testify Voluntarily

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily.  However, the party is responsible for ensuring attendance of such a witness.

IV. Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony must complete a subpoena

1    and submit it to the United States Marshal for service upon the witness.  Blank subpoena forms

2    may be obtained from the Clerk of the Court.  Completed subpoenas must be submitted *not*

3    *earlier than four weeks and not later than two weeks before trial*.   The party must also tender

4    through the United States Marshal a money order payable to the witness in the amount of the

5    daily witness fee, $40.00,  *plus the witness's travel expenses*.   If plaintiff seeks the witness's

6    presence and proceeds *in forma pauperis*, then plaintiff must also submit a copy of the order

7    granting him leave so to proceed.

8        The United States Marshal *will not serve a subpoena upon an unincarcerated witness*

9    *without the witness fee and travel expenses having been tendered*.   No statute authorizes the use

10    of public funds for expenses in civil cases and so even a plaintiff proceeding *in forma pauperis*

11    must tender the fees.

12        Good cause appearing, it is ORDERED that:

13        1.  The parties may conduct discovery until January 4, 2010.  Any motions necessary to

14    compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ.

15    P. 31, 33, 34, or 36 shall be served not later than 60 days before January 4, 2010.

16        2.  Motions to amend the complaint shall be filed no later than January 4, 2010.

17        3.  Dispositive motions shall be filed on or before March 26, 2010.  Motions shall be

18    briefed in accordance with paragraph 7 of the order filed May 5, 2009.

19        4.  The court will schedule pretrial proceedings, if necessary, upon the resolution of any

20    pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and

21    must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

22    DATED:  September 3, 2009.

23

24               EDMUND F. BRENNAN

                 UNITED STATES MAGISTRATE JUDGE

25

26